IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE, | No. C 05-0345 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN ASHCROFT, et al., | |
| Respondents. | |

Donald Douglas Bone, a California prisoner proceeding pro se, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

Petitioner is a Canadian citizen serving a sentence of 24 years in a California state prison following his conviction for one count of sexual abuse of a child and four counts of forced oral copulation. Petitioner seeks transfer to a prison in Canada pursuant to the Convention on the Transfer of Sentenced Persons, 35 U.S.T. 2867 ("Convention").[1] Petitioner alleges that his requests for transfer have been denied on the grounds that he had an outstanding restitution fine, and that he had lived in the United States for more than five years prior to his conviction. Petitioner alleges that he is being held in violation of a treaty of the United States,

---

[1] Both the United States and Canada are signatories to this multilateral agreement.

1 and that he has exhausted state judicial remedies regarding his claim.

## DISCUSSION

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A habeas petition may be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Id. (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). In addition, 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a case filed in forma pauperis prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review a petition and dismiss sua sponte claims that are premised on meritless legal theories or clearly lacking any factual basis. Denton v. Hernandez, 504 U.S. 25, 32 (1992). Pro se pleadings must be liberally construed, however. Haines v. Kerner, 404 U.S. 519, 520 (1972).

B.  Legal Claim

Petitioner claims entitlement to transfer to Canada pursuant to the Convention. The Convention provides: "If two or more Parties have already concluded an agreement or treaty on the transfer of sentenced persons or otherwise have established their relations in this matter, or should they in the future do so, they shall be entitled to apply that agreement or treaty or to regulate those relations accordingly, in lieu of the present Convention." Convention, supra, art. 22, ¶ 2. Canada and the United States did enter into an earlier agreement regarding the transfer of prisoners, i.e., the Treaty Between The United States of America and Canada on the Execution of Penal Sentences, March 2, 1977, 30 U.S.T. 6263

("Treaty").  Although the Treaty predates the Convention, the Convention appears to defer to the more specific Treaty.  This court need not decide which of the two international agreements applies, however, as petitioner's claims fail under either.

The Ninth Circuit considered and rejected a similar habeas claim under the U.S.-Canada Treaty in Hogan v. Koenig, 920 F.2d 6 (9th Cir. 1990).  There, a Canadian serving a term of 26 years to life in California state prison tried to compel state prison officials to adhere to the language of the Treaty.  The Ninth Circuit held that California was not bound by the Treaty's language because it was not a party thereto.  Id. at 8.  As the Ninth Circuit observed, "California has decided to cause [the prisoner] to serve his sentence where he committed his crime, and not in his native land.  California has the power to make such a decision, and the Treaty expresses no limitations on the basis on which California may make that decision."  Id.  Consequently, although federal prison officials may be subject to the Treaty, California state prison officials are not so bound, and California is not required by the Treaty to transfer petitioner to Canada.

The reasoning set forth in Hogan is equally applicable to the Convention, because California likewise is not a party to the Convention.  Accordingly, the Court concludes that the Convention does not require California to transfer petitioner to Canada.  Further, even if California were a party to the Convention, petitioner's claim would fail.  A prisoner has no protected liberty interest in a transfer under the Convention because the decision as to whether to transfer a prisoner is within the unfettered discretion of the Executive Branch.  See Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991) (holding prisoner had no protected liberty interest in transfer to home country under Convention, because neither Convention nor implementing legislation placed any substantive limitations on official discretion).  Thus, to whatever extent the Convention applies to California, the State could not be compelled to transfer petitioner because he has no due process right to such transfer.

In sum, petitioner's claim that he is being held in a California state prison in violation of a treaty of the United States is without merit.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DISMISSED.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: May 19, 2005

                                         /s/ Maxine M. Chesney
                                        MAXINE M. CHESNEY
                                        United States District Judge